Ronald D. Roup (94495) ron@rouplaw.com
Joan C. Spaeder-Younkin (192235) joan@rouplaw.com
Brad M. Simon (244369) brad@rouplaw.com
ROUP & ASSOCIATES, A LAW CORPORATION
23101 Lake Center Drive, Suite 310
Lake Forest, California 92630
*Phone:* (949) 472-2377
*Fax:* (949) 472-2317

Attorneys for Defendant,
LITTON LOAN SERVICING LP

FILED
2009 MAY -4 PM 3:38
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

ED CV 09 - 00861 VAP (OPx)

| | |
|---|---|
| JAQUELINE M. VALDEZ<br><br>Plaintiffs,<br><br>vs.<br><br>OWNIT MORTGAGE SOLUTIONS, INC; LITTON LOAN SERVICING; DOES 1 TO 50<br><br>Defendants | Case No.<br><br>*[Removal from the Superior Court of California, County of San Bernardino, Case No. CIVRS903354]*<br><br>**DEFENDANT LITTON LOAN SERVICING LP'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. Sec. 1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, LITTON LOAN SERVICING LP (hereinafter "Removing Defendant"), hereby removes to this Court the state court action entitled <u>JAQUELINE M. VALDEZ v. OWNIT MORTGAGE SOLUTIONS, INC; LITTON LOAN SERVICING; DOES 1 TO 50</u>, of the Superior Court of the State of California in and for the County of San Bernardino, Case Number CIVRS903354, to the United States District Court for the Central District of California pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the *United States*

1
NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. Sec. 1441(b) (FEDERAL QUESTION)

1  *Code* ("U.S.C.") on the following grounds:

2      A.    **SUBJECT MATTER JURISDICTION BASED UPON FEDERAL**
3            **QUESTION**

4      1.    This action is a civil action of which this Court has original jurisdiction
5  under 28 U.S.C. Sec. 1331, and is one which may be removed to this Court by
6  Removing Defendants pursuant to the provisions of 28 U.S.C. Sec. 1441(b) in that it
7  arises under certain provisions of the Truth-in-Lending Act ("TILA"), 15 USC §1611
8  et seq., Real Estate Settlement Procedures Act ("RESPA"), 15 USC §2605 et seq.,
9  Home Ownership and Equity Protection Act ("HOEPA"), 15 USC §1602, Fair Debt
10 Collection Practices Act, and 15 USC §1692.

11     B.    **THIS NOTICE OF REMOVAL IS TIMELY BECAUSE IT HAS**
12           **BEEN FILED WITHIN 30 DAYS AFTER PLAINTIFF'S SERVICE**
13           **OF THE COMPLAINT**

14     2.    On April 1, 2009, Plaintiff, JAQUELINE M. VALDEZ (hereinafter
15 "Plaintiff") filed a Complaint asserting, inter alia, a claim for violations of certain
16 provisions of the Truth-in-Lending Act ("TILA"), 15 USC §1611 et seq., Real Estate
17 Settlement Procedures Act ("RESPA"), 15 USC §2605 et seq., Home Ownership and
18 Equity Protection Act ("HOEPA"), 15 USC §1602, Fair Debt Collection Practices Act,
19 and 15 USC §1692 against Removing Defendant in the Superior Court of California
20 in and for the County of San Bernardino.

21     3.    The first date upon which the Removing Defendant received a copy of
22 said Complaint was on or about April 4, 2009, when Litton Loan Servicing LP was
23 sent a copy of said complaint via facsimile only.

24     4.    Therefore, this Notice of Removal is timely in that it was filed within
25 thirty (30) days of the service of the Complaint and less than a year after the
26 commencement of the state court action. *See* 28 U.S.C. § 1446(b).

27 ///
28 ///

### C. VENUE

5. The Superior Court of California for the County of San Bernardino is located within the United States District for the Central District of California. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Due to the location of the underlying State Court Action, this action should be assigned to the Central District, Eastern Division - Riverside Courthouse of this Court because a substantial part of the events which give rise to the alleged claims occurred in a county therein.

### D. COMPLIANT WITH 28 U.S.C. § 1446

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served on the Removing Defendant, including the Complaint, are attached to this Notice of Removal as Exhibit A. Specifically, Exhibit A hereto attaches the following documents:

    a. Summons

    b. Complaint

7. In compliance with 28 U.S.C. § 1446(d), Removing Defendant will serve on Plaintiff and will file with the Clerk of the Superior Court of California, County of San Bernardino, a "Notice to the Clerk of the Superior Court and to Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal.

8. No previous application has been made for the relief requested herein.

9. Removing Defendant is not aware of any other parties that have been served with the Complaint at this time.

///
///
///
///

1 | WHEREFORE, Removing Defendant removes this action from the California Superior Court for the County of San Bernardino to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: May 4, 2009

ROUP & ASSOCIATES,
A LAW CORPORATION

By: /s/ Joan C. Spaeder-Younkin
Joan C. Spaeder-Younkin
Attorneys for Defendant, LITTON LOAN SERVICING LP

1

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. Sec. 1441(b) (FEDERAL QUESTION)

# EXHIBIT "A"

04/03/2009 13:57 7144338735 PROCESSING CENTER PAGE 04/16

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WNIT MORTGAGE SOLUTIONS, INC; LITTON LOAN SERVICING

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JAQUELINE M. VALDEZ

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

APR 01 2009

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is: RANCHO CUCAMONGA DISTRICT
*(El nombre y dirección de la corte es):*

303 N HAVEN
RANCHO CUCAMONGA, CA 91730

**CASE NUMBER:** *(Número del Caso):* CIVRS903394

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAQUELINE L. VALDEZ
920 PRAIRIE DUNES PL, ONTARIO, CA 91761 (909) 843-5159

DATE: APR 01 2009   Clerk, by _____ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

SUGEY QUINTERO

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Jaqueline M. Valdez
Plaintiffs in Pro Per
2620 S. Prairie Dunes Pl.
Ontario, CA 91761
(909) 843-5159

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

JAQUELINE M. VALDEZ ) CASE NO: CIVRS905354
)
)
PLAINTIFFS )
)
VS. ) COMPLAINT FOR DAMAGES AND RESCISSION
)
OWNIT MORTGAGE SOLUTIONS, INC; )
LITTON LOAN SERVICING; )
DOES 1 TO 50 )
DEFENDANTS )

## COMPLAINT

COMES NOW, Plaintiff Jaqueline M. Valdez, in Pro Per who complain and allege as follows:

1. Plaintiff Jaqueline M. Valdez at all times relevant is or was the owner of real property commonly known as: 2620 S. Prairie Dunes Pl. Ontario, CA 91761

REAL PROPERTY IN THE CITY OF ONTARIO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, A DESCRIBED AS FOLLOWS; LOT 50 OF TRACT NO. 9570, IN THE CITY OF ONTARIO, COUNTY OF SAN BERNARDINO, STATE OF

1

CALIFORNIA, AS PER MAP RECORDED IN BOOK 131, PAGES 42 THROUGH 45 INCLUSIVE,, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

2. Defendant OWNIT MORTGAGE SOLUTIONS, hereinafter referred to as "OWNIT MORTGAGE," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

3. Defendant LITTON LOANS SERVICING, hereinafter referred to as "LITTON," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

4. The true names of Defendants named herein as DOES 1 through 50, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believe and thereon allege that each of the Defendants so designated herein proximately caused and contributed to the facts herein alleged, and Plaintiff will ask to leave of Court to amend the Complaint to insert the true names and capacity of DOES 1 through 50 when the same have been ascertained and to join such Defendants in this action.

5. Plaintiff is informed and believe and thereon alleges

2

1  that, at all times herein mentioned each of the Defendants sued
2  herein in relation to the property they claim an interest in was
3  the agent and employee of each of the remaining Defendants and
4  at all times was acting within the purpose and scope of such
5  agency employment.
6.  
7      6. On or about May 12, 2006, Plaintiff executed an
8  "Adjustable Rate Note" promising to pay OwnIt Mortgage the sum
9  of $362,400.00 by monthly payments.
10     7. The Adjustable Rate Note was based upon a sixth month
11 "LIBOR" Adjustable rate.
12     8. Plaintiff alleges that Defendants and each of them did
13 
14 not explain the working of the interest rate, how it is computed
15 or its inherent volatility or interest only note.
16     9. Further, on information and belief, Plaintiff alleges
17 that the Defendants charged and obtained improper fees for the
18 
19 placement of their loan as "sub-prime" when she qualified for a
20 prime rate mortgage which would have generated less in fees and
21 interest.
22     10. On information and belief, Plaintiff alleges that the
23 service of the purported note was, without her knowledge, by
24 some means may have transferred from or by Defendant either
25 
26 completely or by association or other means to another Defendant
27 unknown to Plaintiff provided services in various forms to
28

3

others which were of such nature to render them a "Servicer" within the definition found within 26 U.S.C. S 2605.

11. The Deed of Trust was recorded with the San Bernardino County Recorder.

### FIRST CAUSE OF ACTION
(Violation of 15 U.S.C. S 1611 et seq.)
Against all Defendants

12. Plaintiff repeats and realleges Paragraphs 1 through 11 as though fully set forth herein.

13. On information and belief, Plaintiff alleges that Defendants OwnIt Mortgage Solutions, Litton Loan Servicing and each of them are agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

14. On information and belief, Plaintiff alleges that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

   A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;

   B. They have improperly retained funds belonging to Plaintiff in amounts to be determined;

4

c. They have failed to disclose the status of the ownership of the loans.

15. Plaintiff further alleges that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

16. Plaintiff further alleges that she is entitled to compensatory damages in an amount to be determined at trial.

17. Plaintiff further alleges that she is entitled to attorney fees according to statute in the event that they retain counsel.

18. On information and belief, Plaintiff alleges that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff are entitled to punitive damages.

## SECOND CAUSE OF ACTION
(Violation of 26 U.S.C. § 2605 et seq.)
Against ALL Defendants

19. Plaintiff repeats and realleges Paragraphs 1 through 11 as though fully set forth herein.

20. Based upon information and belief, and on that basis

5.

Plaintiff alleges that the Defendants and each of them fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

21. Based upon information and belief, and on that basis Plaintiff alleges that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.

22. Based upon information and belief, and on that basis Plaintiff alleges that OwnIt Mortgage Solutions; Litton Loan Servicing individually or jointly, are "Servicers" as that term is used within the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. S 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

23. Plaintiff alleges that these violations require rescission of the loan and a return of all funds received by Defendants from Plaintiff.

24. Plaintiff further alleges that she is entitled to compensatory damages in an amount to be determined at trial.

25. Plaintiff further allege that she is entitled to attorney fees according to proof in the event that they retain counsel.

6

### THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. S 1602 et seq.)
Against ALL Defendants

26. Plaintiff repeats and realleges Paragraphs 1 through 11 a though fully set forth herein.

27. Based up information and belief, and on that basis Plaintiff alleges that the mortgage obtained by Plaintiff through Defendants by means unknown and enforced by other Defendants herein falls within the purview of 15 U.S.C. S 1602 et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994" (HOEPA).

28. Based upon information and belief, and on that basis Plaintiff alleges that the loan was placed in a violation of the HOEPA act as it was placed and administrated and otherwise utilized without regard to Plaintiff income or cash flow and with the intention of inducing a default.

29. Plaintiff became aware of this upon discovery of Defendants intent to wrongfully foreclose and sell her property.

30. As a result and a legal consequence of the above actions, Plaintiff have been damaged in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
(Violation of 15 U.S.C. S 1692)
Against ALL Defendants

7

31. Plaintiff repeats and realleges Paragraphs 1 through 11 as though they fully set forth herein.

32. Based upon information and belief, Plaintiff alleges that Defendants and each of them are "Debt Collectors" either acting for them self or through agents as that term is used in the United States Code.

33. Plaintiff alleges that they duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA).

34. Plaintiff further alleges that Defendants did not respond to her demands in such a way as to meet the requirements of the act.

35. Plaintiff is entitled to statutory damages under the FDCPA.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against ALL Defendants

36. Plaintiff repeats and realleges paragraphs 1 through 11 as though fully set forth herein.

37. At all times relevant, Defendants created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiff.

8

38. Defendants further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

39. Defendants breached their fiduciary duties owed to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff.

40. Among other things, they may have placed and negotiated loans without due care to the best interests of Plaintiff or for the protection of their rights.

41. As a consequence and proximate result of the breach of fiduciary duties, Plaintiff have suffered economic damages, loss of funds and payment of fees improperly incurred in an amount to be proved by trial.

42. On information and belief, Plaintiff alleges that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

### SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against ALL Defendants

43. Plaintiff repeats and realleges Paragraphs 1 through 11 as though fully set forth herein.

9

44. Plaintiff alleges that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiff. Additionally said covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff.

45. Plaintiff alleges that the commencement of foreclosure proceedings upon the property lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the implied covenant.

46. As a consequence and proximate result, Plaintiff have been damaged in a sum to be proven at trial.

### SEVENTH CAUSE OF ACTION
(Injunctive Relief)
Against ALL Defendants

47. Plaintiff repeats and realleges paragraphs 1 through 11 as though fully set forth herein.

48. Plaintiff seeks a determination as to the legal status of the parties to the Adjustable Rate Note and the Deed of Trust.

49. Defendants claim that they are the lawful beneficiary.

50. Defendants should be required to provide the original

10

note and all subsequent notes with appropriate endorsements thereon so the court may determine under California Law, who owns the property.

### EIGHTH CAUSE OF ACTION
(For Declaratory Relief)
Against ALL Defendants

51. Plaintiff repeats and realleges Paragraphs 1 through 11 as though fully set forth herein.

52. A dispute has arisen between and among Plaintiff and Defendants and each of them as to duties and obligations of the respective parties with regard to the loan and foreclosure.

53. These disputes concern, but are not limited to, the ownership rights and the validity of the foreclosure process.

54. Plaintiff further alleges that a declaration of rights and duties of the parties herein is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

WHEREFORE, Plaintiff prays for damages as follows:

1. For compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

2. For punitive damages in the amount in excess of Twenty

11

Five Thousand Dollars ($25,000.00);

   3. For any statory or compensatory damages according to proof;

   4. For rescission of the contract and loan.

   5. For attorney's fees in the event that counsel is retained;

   6. For such other and further relief as the Court deems just and proper.

DATED this 31st day of March, 2009

*[signature]*
JAQUELINE M. VALDEZ
Plaintiff, In Pro Per

12

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730

http://www.sbcounty.gov/courts

CASE NO: CIVRS903354

IN RE: JAQUELINE M VALDEZ -V- OWNIT MORTGAGE SOLUTIONS

### NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
### NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
### REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a Case Management Conference and an Order to Show Cause why the case should not be dismissed for failure to serve the summons and complaint. File your Case Management Statement with the court fifteen (15) calendar days prior to the hearing. Failure to appear may result in monetary sanctions and/or dismissal of your case. THIS CASE HAS BEEN ASSIGNED TO JUDGE KEITH D DAVIS IN DEPARTMENT R6 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
07/01/09 at  8:30 in Department R6. If proof of
service of summons and complaint has been filed before that date, no appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 08/28/09 at  8:30
in Department R6.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the time you have to respond to the complaint. The time for response is clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS

Tressa S. Kentner, Clerk of the Court

Date: 04/01/09                                 By: SUGEY QUINTERO

------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed above, for collection and mailing this date, following ordinary business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter.
( ) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

DATE OF MAILING: 04/01/09
I declare under penalty of perjury that the foregoing is true and correct. Executed on 04/01/09 at Rnch Cucamonga, CA  By: SUGEY QUINTERO