1  Ronald D. Roup (94495) ron@rouplaw.com
   Joan C. Spaeder-Younkin (192235) joan@rouplaw.com
2  Brad M. Simon (244369) brad@rouplaw.com
   ROUP & ASSOCIATES, A LAW CORPORATION
3  23101 Lake Center Drive, Suite 310
   Lake Forest, California 92630
4  *Phone*: (949) 472-2377
   *Fax*:    (949) 472-2317
5
   Attorneys for Defendant,
6  LITTON LOAN SERVICING LP

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

10

11 JAQUELINE M. VALDEZ,                )   Case No. EDCV 09-861-VAP (OPx)
                                       )
12          Plaintiffs,                )   *[Removal from the Superior Court of*
                                       )   *California, County of San Bernardino,*
13   vs.                               )   *Case No. CIVRS903354]*
                                       )
14 OWNIT MORTGAGE SOLUTIONS, INC; )     **NOTICE OF MOTION AND**
   LITTON LOAN SERVICING; DOES 1 TO )   **MOTION TO DISMISS**
15 50,                                 )   **COMPLAINT FOR FAILURE TO**
                                       )   **STATE A CLAIM UPON WHICH**
16          Defendants                 )   **RELIEF CAN BE GRANTED**
                                       )   **(F.R.C.P. 12(b)(6)); BY DEFENDANT**
17                                     )   **LITTON LOAN SERVICING LP;**
                                       )   **MEMORANDUM OF POINTS AND**
18                                     )   **AUTHORITIES IN SUPPORT**
                                       )   **THEREOF**
19                                     )
                                       )   Motion to Dismiss/Motion to Strike:
20                                     )   Date:       June 22, 2009
                                       )   Time:       10:00 a.m.
21                                     )   Courtroom:  2
                                       )   Judge:      Hon. Virginia A. Phillips
22 _____    )

23       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24       NOTICE IS HEREBY GIVEN that on June 22, 2009, in Courtroom 2 at 10:00 a.m.,

25 or as soon thereafter as the matter may be heard in the above-entitled court, located at 3470

26 Twelfth Street, Room 134, Riverside, California, Defendant, LITTON LOAN SERVICING

27 LP (hereinafter "Defendant" or "Litton"), will and hereby does move to dismiss Plaintiff's

28 Complaint ("Complaint") on file herein for failure to state a claim upon which relief may be

granted, pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

This Motion is based upon this Notice of Hearing, the following memorandum of points and authorities, the Request for Judicial Notice filed concurrently herewith, all the pleadings, files and records in this action and all other oral and documentary evidence that may be presented at the hearing on this matter.


Dated: May 8, 2009                    ROUP   &   ASSOCIATES, A LAW CORPORATION


By:  /s/ Ronald D. Roup
        Ronald D. Roup
        Attorneys for Defendant,
        LITTON LOAN SERVICING LP


///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2 The premise of this action by Plaintiff, JAQUELINE M. VALDEZ (hereinafter

3 "Plaintiffs") is that she was induced to obtain a mortgage and Defendant did not adhere to

4 proper disclosure requirements. Plaintiff contends that the loan is void and she is entitled to

5 rescission. However, the claims are <u>barred</u> because the foreclosure of the Property has been

6 completed and the Deed of Trust has been extinguished.

7

**STATEMENT OF FACTS**

8 Plaintiff purchased the real property which is the subject of this action, commonly

9 known as 2620 Prairie Dunes Place, Ontario, California 91761 (the "Subject Property" or

10 "Property"), on or about July 9, 2004. A true and correct copy of the **Grant Deed** is attached

11 to the Request for Judicial Notice ("RJN") as **Exhibit "A"** and incorporated herein.

12 On or about May 12, 2006, Plaintiff executed and delivered a promissory note,

13 promising to repay a total of $362,400.00 ( the "Note") to Ownit Mortgage Solutions, Inc.

14 ("Ownit Mortgage"). The Note was secured by a Deed of Trust (collectively, the "Subject

15 Loan") on the Property, wherein Mortgage Electronic Registration Systems, Inc. ("MERS")

16 is the named beneficiary as nominee for Ownit Mortgage, with said deed of trust executed by

17 Plaintiff at the same time (the "Deed of Trust"). The **Deed of Trust**, recorded on May 24,

18 2006, in the Official Records of San Bernardino County as Document Number 2006-0356655,

19 is attached to the RJN as **Exhibit "B"** and incorporated herein. The note and Deed of Trust

20 are referred to herein as the "Subject Loan."

21 At the same time, Plaintiff obtained a second mortgage in connection with the purchase

22 of the Property. She executed and delivered a promissory note in the sum of $45,300.00 also

23 to Ownit Mortgage, which was secured by a Second Deed of Trust recorded as Instrument No.

24 2006-0356656 in the official records of San Bernardino County. Said **Second Deed of Trust**

25 is attached to Defendant's RJN as **Exhibit "C"** and incorporated herein.

26 The Deed of Trust was assigned to "LaSalle Bank National Association, as Trustee for

27 Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-5"

28 ("LaSalle Bank"). The **Assignment of Deed of Trust**, recorded on March 16, 2008, in the

1  Official Records of San Bernardino County, is attached to the RJN as **Exhibit "D"** and

2  incorporated herein.  Litton is the servicer of the Subject Loan.

3  Following Plaintiff's default, the trustee caused a **Notice of Default** and **Notice of Sale**

4  to be recorded, true and correct copies of which are attached to Defendant's RJN as **Exhibits**

5  **"E" and "F"** respectively, and incorporated herein by this reference.  As a result of Plaintiff's

6  failure to cure payment defaults under the Subject Mortgage, on March 2, 2009, the

7  foreclosure trustee duly sold the Subject Property in satisfaction of the debt and a Trustee's

8  Deed upon Sale was recorded on March 12, 2009 (hereinafter the "Trustee's Deed").  A true

9  and correct copy of the **Trustee's Deed** is attached to Defendant's RJN as **Exhibit "G"** and

10  incorporated herein by this reference.  LaSalle Bank is now the owner of the Subject Property.

11  <u>**ARGUMENT**</u>

12  **I.    <u>THIS MOTION TO DISMISS IS PROPER</u>.**

13  A claim must be supported by "a short and plain statement" with enough heft to "show

14  that the pleader is entitled to relief." *Fed. R. Civ. Proc.* 8(a)(2).  This Rule is designed to

15  "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

16  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  To withstand a

17  motion to dismiss for failure to state a claim upon which relief may be granted, "factual

18  allegations must be enough to raise a right to relief above the speculative level, on the

19  assumption that all the allegations in the complaint are true even if doubtful in fact.  <u>Bell</u>

20  <u>Atlantic Corp. v. Twombly</u>,127 S. Ct. 1955, 1965 (2007)[internal citations omitted].

21  "While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a plaintiff's

22  obligation to provide the 'ground' of his 'entitlement to relief'
requires more than labels and conclusions, and a formulaic

23  recitation of the elements of a cause of action will not do."  <u>Id</u>.
at 127 S. Ct. at 1964. [internal citations omitted]

24  Dismissal is proper under Rule 12(b)(6) if the facts alleged do not state a claim that is

25  plausible on its face." 127 S. Ct. 1973, <u>Balistreri v. Pacifica Police Dep't</u>, 901 F. 2nd 696, 699

26  (9th Cir. 1990) .  While all factual allegations are presumed true and reasonable inferences to

27  be drawn in favor of the non-moving party, a court may consider matters subject to judicial

28  notice. <u>Estate of Blue v. County of Los Angeles</u>, 120 F. 3rd 982, 984 (9th Cir. 1997).  Further,

1  this deferential standard does not compel a court "to swallow the Plaintiffs' invective hook,

2  line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and

3  the like need not be credited." <u>Aulson v. Blanchard</u>, 83 F. 3rd 1, 3 (1st Cir. 1996).

4  **II.    <u>THE COMPLAINT IS A MERITLESS BOILERPLATE PLEADING.</u>**

5         Defendant has requested the Court to take judicial notice of the fact that Plaintiff's

6  Complaint is an almost-verbatim reproduction of a recently filed complaint in another case

7  in Orange and likely other counties.  Varying only in the time, parties and property, Plaintiff's

8  Complaint in this action is practically the same document, right down to the repetitive and

9  conclusory boilerplate utilized in those pleadings. *See, e.g.,* RJN **Exhibit "H."**

10        The Court may sustain a motion to dismiss upon judicially noticed records.  In

11 <u>Bistawros v. Greenberg</u>, the trial court was asked to take judicial notice of Plaintiffs' previous

12 complaint in adjudicating a motion to dismiss.  <u>Bistawros v. Greenberg</u> (1987) 189 Cal.App.

13 3d 189, 192.  As held in <u>Del E. Webb v. Structural Materials Co.</u>, "a pleading valid on its face

14 may nevertheless be subject to demurrer when matters judicially noticed render the complaint

15 meritless." <u>Del E. Webb v. Structural Materials Co.</u> (1991) 123 Cal.App. 3d 593, 604.

16        This Complaint contains no foundational facts supporting the basis for the claims.  It

17 is merely an improper last ditch effort to obstruct a legitimate foreclosure sale and eviction.

18 **III.    <u>PLAINTIFF'S TILA AND HOEPA CLAIMS ARE BARRED.</u>**

19        Plaintiff's causes of action for <u>damages</u> under TILA, in their first and third causes of

20 action, are barred because they were not brought within the one year statute of limitations.

21 Plaintiff alleges that Defendant is in violation and liable under the Federal Truth in Lending

22 Act ("TILA").  The law is quite clear, however, in that these causes of action are <u>barred</u> by

23 the applicable statute of limitations.

24        When presented with this very issue at an application for a temporary restraining order

25 stemming from violations of TILA, a District Court in California <u>denied</u> the plaintiff's request

26 because the claims were not brought within the one year period mandated by TILA.  <u>Wherry</u>

27 <u>v. All Cal. Funding</u>, 2006 U.S. Dist. LEXIS 53431 (D. Cal. 2006).  The <u>Wherry</u> Court stated

28 that "even if the Court were to conclude that the HOEPA and TILA apply to the loan Plaintiff

1    obtained from Defendants, from the face of Plaintiffs' complaint, it appears that Plaintiffs'
2    action for damages for violations of the HOEPA and TILA is **barred by the statute of**
3    **limitations**. An action for damages under TILA **must be brought within one year of the**
4    **violation**. See 15 U.S.C. § 1640(e); 12 C.F.R. § 226.23; <u>In re Cmty. Bank of N. Va.</u>, 418
5    F.3d 277, 305 (3d Cir. 2005); <u>McMaster v. CIT Group/Consumer Finance, Inc.</u>, 2006 U.S.
6    Dist. LEXIS 28831, 2006 WL 1314379, at *4 (E.D. Pa. May 11, 2006)." Emphasis added.

7        The one year period begins to run at the time a borrower signs the loan documents.
8    <u>Meyer v. Ameriquest Mortg. Co.</u> (2003 CA9 Cal.) 331 F3d 1028. The <u>Wherry</u> Court
9    concluded that since that plaintiff alleged that she signed the loan documents on March 22,
10   2005, the action filed on July 18, 2006 was barred by the statute of limitations and denied the
11   TRO. <u>Wherry</u> at 4. Plaintiff in the instant case executed the loan documents on or about May
12   12, 2006, which is more than one year before the Complaint was filed. Therefore, all of
13   Plaintiff's TILA and HOEPA causes of action are barred by the statute of limitations.

14   **IV.    RESCISSION FAILS SINCE THE FORECLOSURE IS COMPLETE.**

15       Plaintiff is seeking to rescind the Subject Mortgage under TILA. However, the TILA
16   statutes and case law are clear that the right to rescission terminates when the mortgage
17   property is sold at foreclosure sale. 15 U.S.C. § 1635(f); <u>Hallas v. Ameriquest Mortg. Co.</u>,
18   D.Or. 2005, 406 F.Supp.2d 1176; <u>Worthy v. World Wide Fin. Serv., Inc.</u>, 347 F.Supp.2d 502,
19   506 (E.D. Mich. 2004). Section 1635(f) of TILA states that "Time limit for exercise of right -
20   An obligor's right of rescission shall expire three years after the date of consummation of the
21   transaction **or upon the sale of the property, whichever occurs first, notwithstanding the**
22   **fact that the information and forms required under this section or any other disclosures**
23   **required under this part have not been delivered to the obligor...**" Emphasis added.

24       Plaintiff, therefore, is precluded from rescinding the Subject Mortgage since the
25   foreclosure sale has already occurred. Plaintiff filed their lawsuit and requested rescission on
26   or about April 1, 2009. The Subject Property was foreclosed upon on March 2, 2009. See
27   Trustee's Deed, **Exhibit "G"** to RJN. Therefore, as the foreclosure sale has already occurred,
28   Plaintiff cannot maintain an action for rescission under TILA.

**V.     RESCISSION FAILS SINCE PLAINTIFF HAS NOT TENDERED THE DEBT.**

Plaintiff's claim for rescission also fails since she has shown no ability to tender, which is required to rescind.  Before ordering rescission of a mortgage loan based upon mortgagee's alleged TILA violations, the District Court could require that mortgagors provide proof of their ability to repay loan proceeds, less interest and finance charges, if rescission of the loan were granted.  15 U.S.C. § 1635.  Yamamoto v. Bank of New York, C.A.9 (Hawaii) 2003, 329 F.3d 1167, certiorari denied 124 S.Ct. 1146, 540 U.S. 1149, 157 L.Ed.2d 1042.

In order to maintain a claim for rescission or cancellation of instruments, "the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring the defendant everything of value which the plaintiff has received in the transaction.  The rule applies although the plaintiff was induced to enter into the contract by fraudulent representations of the defendant."  Fleming v. Kagan, 189 Cal.App.2d 791, 796-97 (Cal.App.2.Dist.1961);  *See also*  Cleveland v. Deutsche Bank Nat. Trust Co., 2009 WL 250017, *4 (S.D.Cal. Feb 02, 2009).  Absent an alleged and actual tender, the Complaint in its entirety fails to state a cause of action.  Karlsen v. Am. Sav. & Loan Ass'n., 15 Cal. App. 3d 112 (1971).  Thus, even if fraud existed in the inducement (which this Defendant does not claim there was), Plaintiff must, at the very least allege they can tender the reinstatement.

Plaintiff conveniently forgets to remind this Court  that even if the loan were rescinded, they would have to re-pay everything received under the Subject Loan for her benefit.  Plaintiff admits in the Complaint that she executed the Note, Complaint ¶6, and promosed to repay the money lent to her.  RJN Exhibits A and B.  However, Plaintiff makes no allegation that she is able to repay any of the money received.  As a matter of equity, Plaintiff cannot rescind and cancel an agreement(s) under which she is unable to restore the value received.

**VI.     PLAINTIFF'S RESPA CLAIMS FAIL AS A MATTER OF LAW.**

First, Plaintiff's RESPA claim is barred by the applicable statute of limitations.  Private RESPA claims are subject to a one-year statute of limitations. 12 U.S.C. § 2614.  Bloom v. Martin, 865 F.Supp. 1377, 1386 (N.D. Cal. 1994).  The one year period begins to run from "the date of the occurrence of the violation."  12 USC § 2614.  Since the Subject Mortgage

is dated May 12, 2006, and the Deed of Trust recorded May 24, 2006, it is indisputable that the limitations period expired on or before May 24, 2007, at the latest. Plaintiff filed the present action on or about April 1, 2009, almost three years after the alleged violation of RESPA. Accordingly, Plaintiff's RESPA claim is time-barred and must be dismissed.

Next, the cause of action necessarily fails as against Litton since Litton was not the party that originated the Subject Loan. Rather, Litton is merely the servicer of the Deed of Trust, and thus cannot be liable for loan origination issues.

Additionally, Defendant is at a loss in understanding the basis of this cause of action as Plaintiff fails to allege facts sufficient to support the claim. Plaintiff's RESPA cause of action only states that all Defendants "placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have lawfully been earned." Complaint ¶21. Without more, this RESPA claim is entirely unclear.

RESPA was enacted to provide consumers "with greater and more timely information on the nature and costs of the settlement process" and to protect customers from unnecessarily high settlement charges arising from abusive sales tactics. 12 USC § 2601. When asserting a RESPA cause of action, the plaintiff cannot simply allege a breach of RESPA duties. Rather, the plaintiff must specify a pecuniary loss as a result of the defendant's omission. Hutchinson v. Del. Sav. Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J. 2006) ("Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); Cortez v. Keystone Bank, 2000 U.S. Dist. LEXIS 5705, at *40 (E.D. Pa 2000) (a claimant under 12 USC § 2605 must allege pecuniary loss attributable to the alleged violation); see 12 USC § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure.").

Here, Plaintiff does not specify any pecuniary loss or damage arising from this Defendant's conduct. Plaintiff's complaint must be dismissed.

## VII.    LITTON DOES NOT OWE PLAINTIFFS A FIDUCIARY DUTY.

Plaintiff's cause of action for breach of fiduciary duty fails since Litton did not owe Plaintiff a fiduciary duty. As a general rule, a financial institution owes no duty of care to a

1  borrower when the institution's involvement in the loan transaction does not exceed the scope

2  of its conventional role as a mere lender of money. <u>Nymark v. Heart Fed. S & L Ass'n</u>, (1991)

3  231 Cal. App. 3d 1089, 1096. "Liability to a borrower for negligence arises only when the

4  lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money

5  lender.'"  <u>Wagner v. Benson</u> (1980) 101 Cal. App. 3d 27, 35, 161 Cal. Rptr. 516, 521.

6  "Normal supervision of the enterprise by the lender for the protection of its security interest

7  in loan collateral is not 'active participation.'"   <u>Wagner</u>, supra, 101 Cal. App. 3d at 35.

8  Further, the California Supreme Court stated in <u>Quelimane Co., Inc. v. Stewart Title Guar. Co.</u>

9  (1998) 19 Cal. 4th 26, "[w]ith rare exceptions, a business entity has no duty to prevent

10  financial loss to others with whom it deals directly.  <u>Quelimane</u>, supra, 19 Cal. 4th at 593.

11      Moreover, it is well established that a bank or a lender has no fiduciary duty to its

12  borrower.  <u>Nymark</u>, 231 Cal. App. 3d at 1093; citing Price v. Wells-Fargo Bank (1989) 213

13  Cal. App. 3d 465, 476-78, 261 Cal. Rptr. 735.  In <u>Nymark</u>, the court noted that a commercial

14  lender is entitled to pursue its own economic interests in a loan transaction.  <u>Nymark</u>, 231 Cal.

15  App. 3d at 1093.  See also <u>Mitsui Manufacturers Bank v. Sup. Ct</u> (1989) 212 Cal. App. 3d

16  726; 260 Cal. Rptr. 793 (no special or fiduciary relationship created between

17  lender-borrower).  Further, no fiduciary relationship is established merely because "...the

18  parties reposed trust and confidence in each other."  <u>Girard v. Delta Towers Joint Venture</u>

19  (1993)  20 Cal. App. 4th 1741, 1749; 26 Cal. Rptr. 2d 102.

20      Contrary to Plaintiff's claims in her Complaint, Litton as the servicer, clearly owed no

21  duty to Plaintiff to forebear from conduct that would cause injury to Plaintiff.  Pursuant to the

22  terms of the Deeds of Trust and corresponding promissory note, Litton had a responsibility

23  to protect the secured interest in the Property which includes foreclosing .   See e.g., sections

24  7, 9 and 22 of the Deed of Trust, which is attached as **Exhibit "B"** to Defendant's RJN.

25  **VIII.   <u>THE EIGHTH CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS</u>**.

26      Plaintiff's claim for declaratory relief fails because it is neither necessary nor proper.

27  *See* <u>C.C.P.</u>  § 1061 ("The court may refuse to exercise the power granted by this [declaratory

28  relief] chapter in any case where its declaration or determination is not necessary or proper

at the time under all the circumstances"). An action in declaratory relief will not lie to determine an issue that can be determined in the underlying action. Cal. Ins. Guar. Ass'n v. Super. Ct., 231 Cal. App. 3d 1617, 1623 (1991). "The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." Gen. of Am. Ins. Co., v. Lilly, 258 Cal. App. 2d 465, 470 (1968); see also Cal. Ins. Guar. Ass'n, 231 Cal. App. 3d at 1623-24.

In Plaintiff's other causes of action, she essentially seek a declaration of the validity of the Subject Loan and foreclosure. Complaint ¶¶ 51-54. Since there are no new issues to be resolved in the declaratory relief claim, it is unnecessary and improper. Plaintiff seeks adjudication of an "issue that can be determined in the underlying action."

The doctrine of laches also bars declaratory relief when a plaintiff unreasonably delays in asserting his legal rights. Golden v. City of Oakland, 49 Cal. App. 3d 284 (1975). The basic elements of laches include: (1) an omission to assert a right; (2) a delay in the assertion of the right for some appreciable period; and (3) circumstances which would cause prejudice to an adverse party if assertion of the right is permitted. Stafford v. Ballinger, 199 Cal. App. 2d 289, 296 (1962). Here, the Subject Loan was made in May 2006, but Plaintiff waited for foreclosure (now completed) before even bringing a claim that was ascertainable long ago. The claim for declaratory relief should be barred under the doctrine of laches.

## IX.    PLAINTIFF'S SIXTH AND SEVENTH CAUSES OF ACTION FAIL.

In Plaintiff's sixth and seventh causes of action, Plaintiff claims a breach of the covenant of good faith and fair dealing and injunctive relief on the basis that Defendant must produce the original promissory note to foreclose. Complaint ¶¶ 45, 50. However, the original note is not required to foreclose. Production of the original promissory note has nothing to do with the right to foreclose. Litton is seeking to enforce the power of sale in the *Deed of Trust*; it is not suing Plaintiff for payment pursuant to the note. In fact, "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). The Court

1  continued:

2      The comprehensive statutory framework established to govern nonjudicial
       foreclosure sales is intended to be exhaustive. It includes a myriad of rules
3      relating to notice and right to cure. It would be inconsistent with the
       comprehensive and exhaustive statutory scheme regulating nonjudicial
4      foreclosures to incorporate another unrelated cure provision into statutory
       nonjudicial foreclosure proceedings.
5
   Id. at 834, 30 Cal.Rptr.2d 777 (citation omitted).
6
7      "Under Civil Code section 2924, **no party needs to physically possess the**

8  **promissory note**. *See* Cal. Civ.Code § 2924 (a)(1).  Rather, '[t]he foreclosure process is

9  commenced by the recording of a notice of default and election to sell by the trustee.'"

10 Sicairos v. NDEX West, LLC 2009 WL 385855, 2 -3  (S.D.Cal.,2009). *Citing* Moeller, 25

11 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  Emphasis added.

12     Additionally, under California law, an 'allegation that the trustee did not have the

13 original note or had not received it is insufficient to render the foreclosure proceeding

14 invalid.' Neal v. Juarez, 2007 WL 2140640 (S.D.Cal. July 23, 2007) (*citing* R.G. Hamilton

15 Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) *and* Cal. Trust Co. v. Smead Inv. Co.,

16 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)." Quintos v. Decision One Mortg. Co., LLC 2008

17 WL 5411636, 3 (S.D.Cal.,2008).  "California law does not require that the original note be

18 in the possession of the party initiating non-judicial foreclosure. *See* Cal. Civ.Code § 2924 .

19 **Plaintiff's allegation about the possession of the original note is without merit and must**

20 **be dismissed."**  San Diego Home Solutions, Inc. v. Reconstrust Co.  2008 WL 5209972, 2

21 (S.D.Cal.) (S.D.Cal.,2008).  Emphasis added.  See cited cases, RJN Exhibit "I."

22                              **CONCLUSION**

23     For all the foregoing reasons, this motion to dismiss must be granted without leave.

24
   Dated: May 8, 2009          ROUP & ASSOCIATES, A LAW CORPORATION
25                             By:  */s/ Ronald D. Roup*
                               Ronald D. Roup, for Defendant, HSBC BANK AS TRUSTEE
26

27

28