Ronald D. Roup (94495) ron@rouplaw.com
Joan C. Spaeder-Younkin (192235) joan@rouplaw.com
Brad M. Simon (244369) brad@rouplaw.com
ROUP & ASSOCIATES, A LAW CORPORATION
23101 Lake Center Drive, Suite 310
Lake Forest, California 92630
*Phone*: (949) 472-2377
*Fax*:   (949) 472-2317

Attorneys for Defendant,
LITTON LOAN SERVICING LP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JAQUELINE M. VALDEZ,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>OWNIT MORTGAGE SOLUTIONS, INC;<br>LITTON LOAN SERVICING; DOES 1 TO 50,<br><br>　　　　Defendants | Case No. **EDCV 09-861-VAP (OPx)**<br><br>*[Removal from the Superior Court of California, County of San Bernardino, Case No. CIVRS903354]*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT (F.R.C.P. 12(f)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Defendant's Request for Judicial Notice and Motion to Dismiss filed concurrently herewith]*<br><br>Motion to Dismiss:<br>Date:　　　June 22, 2009<br>Time:　　　10:00 a.m.<br>Courtroom:　2<br>Judge:　　　Hon. Virginia A. Phillips |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 22, 2009, at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Virginia A. Phillips, in Courtroom 2 of the United States District Court for the Central District of California, located at at3470 Twelfth Street, Room 134, Riverside, California, Defendant, LITTON LOAN SERVICING LP

(hereinafter "Defendant" or "Litton") will and hereby do move this Court, the Honorable Virginia A. Phillips, presiding, for an order to strike portions of Plaintiff's Complaint and the prayer for punitive damages improperly asserted in the Complaint pursuant to *Fed.R.Civ.P.* 12(f).

This motion is made pursuant to *Federal Rule of Civil Procedure* 12(f), and is based upon this notice, and the memorandum of points and authorities and all documents and records on file herein, as well as any additional evidence that may be presented at the time of the hearing.

DATED: May 8, 2009           ROUP & ASSOCIATES,
                             A LAW CORPORATION


                             By: /s/ Ronald D. Roup
                                 Ronald D. Roup
                                 Attorney for Defendant,
                                 LITTON LOAN SERVICING LP

Pursuant to *Federal Rule of Civil Procedure* 12(f), Defendant, LITTON LOAN SERVICING LP (hereinafter "Defendant" or "Litton") submits the following memorandum of points and authorities in support of their motion to strike portions of the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

In her Complaint, Plaintiff JAQULINE M. VALDEZ ("Plaintiff") has failed to make the requisite showing of any "wrongful acts" on the part of Defendant Litton in order to be entitled to punitive damages.

## STATEMENT OF FACTS

Plaintiff purchased the real property which is the subject of this action, commonly known as 2620 Prairie Dunes Place, Ontario, California 91761 (the "Subject Property" or "Property"), on or about July 9, 2004. A true and correct copy of the **Grant Deed** is attached to the Request for Judicial Notice ("RJN") as **Exhibit "A"** and incorporated herein.

On or about May 12, 2006, Plaintiff executed and delivered a promissory note, promising to repay a total of $362,400.00 ( the "Note") to Ownit Mortgage Solutions, Inc. ("Ownit Mortgage"). The Note was secured by a Deed of Trust (collectively, the "Subject Loan") on the Property, wherein Mortgage Electronic Registration Systems, Inc. ("MERS") is the named beneficiary as nominee for Ownit Mortgage, with said deed of trust executed by Plaintiff at the same time (the "Deed of Trust"). The **Deed of Trust**, recorded on May 24, 2006, in the Official Records of San Bernardino County as Document Number 2006-0356655, is attached to the RJN as **Exhibit "B"** and incorporated herein. The note and Deed of Trust are referred to herein as the "Subject Loan."

At the same time, Plaintiff obtained a second mortgage in connection with the purchase of the Property. She executed and delivered a promissory note in the sum of $45,300.00 also to Ownit Mortgage, which was secured by a Second Deed of Trust recorded as Instrument No. 2006-0356656 in the official records of San Bernardino County. Said **Second Deed of Trust** is attached to Defendant's RJN as **Exhibit "C"** and incorporated herein.

The Deed of Trust was assigned to "LaSalle Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-5"

("LaSalle Bank"). The **Assignment of Deed of Trust**, recorded on March 16, 2008, in the Official Records of San Bernardino County, is attached to the RJN as **Exhibit "D"** and incorporated herein. Litton is the servicer of the Subject Loan.

Following Plaintiff's default, the trustee caused a **Notice of Default** and **Notice of Sale** to be recorded, true and correct copies of which are attached to Defendant's RJN as **Exhibits "E" and "F"** respectively, and incorporated herein by this reference. As a result of Plaintiff's failure to cure payment defaults under the Subject Mortgage, on March 2, 2009, the foreclosure trustee duly sold the Subject Property in satisfaction of the debt and a Trustee's Deed upon Sale was recorded on March 12, 2009 (hereinafter the "Trustee's Deed"). A true and correct copy of the **Trustee's Deed** is attached to Defendant's RJN as **Exhibit "G"** and incorporated herein by this reference. LaSalle Bank is now the owner of the Subject Property.

## ARGUMENT

**I.   DEFENDANT'S MOTION TO STRIKE IS THE PROPER WAY TO REMOVE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES AND UNSUPPORTED ALLEGATIONS OF FRAUDULENT CONDUCT.**

A Motion to Strike is the appropriate motion to strike from a pleading any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. Proc. 12(f). A Motion to Strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. Tapley v. Lockwood Green Engineers, Inc. 502 F.2d 559 (8th Cir. 1974). In the instant case, Plaintiff makes no showing to support a prayer for punitive damages, and as set forth herein, fail to support their general and conclusory allegations of any fraudulent conduct by Defendant Litton. Therefore, Defendant's Motion to Strike is proper.

**II.   PLAINTIFF'S COMPLAINT CONTAINS NO ALLEGATIONS OF FACT TO SUPPORT PUNITIVE DAMAGES, AND THE CONCLUSORY ALLEGATIONS OF FRAUDULENT CONDUCT MUST BE STRICKEN.**

To warrant punitive damages, a complaint must allege conduct of "such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct - conduct in which the defendant intends to cause harm." Nolan v. National Convenience Stores,

95 Cal. App.3d 279, 286 (1979). Ultimate facts of the defendant's oppression, fraud or malice must be plead. <u>Toole v. Richardson-Merrell, Inc</u>., 251 Cal.App.2d 689,711 (1967).

Plaintiff improperly seeks punitive damages, and the Court must strike the following paragraphs containing improper, unsupported and conclusory allegations of Defendant HSBC Bank's conduct:

¶ 18:  "On information and belief, Plaintiffs allege that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages."

¶ 42:  "On information and belief, Plaintiffs allege that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages."

PRAYER:

¶2:  "For punitive damages in the amount in excess of Twenty Five Thousand Dollars ($25,000.00)."

Under California <u>Civil Code</u> § 3294, punitive damages are permitted only "where defendant has been guilty of oppression, fraud or malice." The terms "oppression," "fraud," and "malice" are defined by Section 3294. Malice is "despicable" conduct of the defendant with a willful and conscious disregard of the rights or safety of others. Oppression is despicable conduct that exposes an individual to cruel and unjust hardship in conscious disregard of that individual's rights. Fraud is intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant or thereby depriving a person of property or legal rights or otherwise causing injury. <u>Civil Code</u> §3294.

A pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient <u>facts</u> must be pleaded to show a party's acts are oppressive, fraudulent or malicious. <u>Hilliard vs. A.H. Robbins Co.</u>, 148 Cal.App.3d 374,392 (1983). Moreover, a prayer for punitive damages may not be based on conclusory allegations. <u>G.D. Searle & Co. vs. Superior Court</u>, 49 Cal.App.3d 22, 29 (1975). Where a prayer for relief for punitive damages is not based on supported conclusions, those conclusions are properly stricken. "Whatever words are found in pleading (such, for instance, as 'carelessly, negligently, willfully, wrongfully, and in fraud of the

right of these plaintiffs') going to state the pleader's conclusions, may be disregarded. A motion to strike out would be the proper way to seek their elimination..." Smithson v. Sparber, 123 Cal.App.225, 232 (1932). "Allegations that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other adjectival descriptions of such proceedings, constitute mere conclusions of law." Faulkner v. California Toll Bridge Authority, 40 Cal.2d 317, 319 (1952). These rules are consistent with California's general disfavor of – and strict pleading requirements for – punitive damages. Henderson vs. Security Pac. Nat'l. Bank, 72 Cal.App.3d 764 (1977).

The requirement a plaintiff allege facts which demonstrate "despicable" conduct to support a prayer for punitive damages reflects the higher burden placed upon a plaintiff to plead particular facts. Fed R Civ P 9(b). Mere conclusory allegations of fraud will not suffice, and statements of the time, place, and nature of the alleged fraudulent activities are necessary to meet the particularity requirement. Bosse v. Crowell, Collier & MacMillan 565 F2d 602, 611(9th Cir 1977). The requirements of particularity may differ with the facts of each case. However, the circumstances constituting fraud usually include the following [see In re Glenfed, Inc. Sec. Litig., 42 F3d 1541, 1547 n7 (9th Cir 1994) (en banc) (citing *Moore's*)]: fraudulent statement: (1) The time and place of the fraudulent statement; (2) The person or persons making the fraudulent statement; (3) The method of communicating the fraudulent statement; (4) An explanation of why the statement was misleading; and (5) The resulting injury.

As set forth in the accompanying Motion to Dismiss, incorporated herein by reference, Plaintiff's entire Complaint fails to include allegations of malice, oppression or fraud with any specificity beyond blanket allegations.

Moreover, if multiple entities are accused of committing a fraud, the complaint should make specific and separate allegations against each defendant. Pegasus Holdings v. Veterinary Ctrs. of Am., Inc., 38 F Supp2d 1158, 1163 (CD Cal 1998). Plaintiff's Complaint fails to satisfy the elements to support fraudulent conduct by Defendant Litton since the Complaint does not include any specific allegations as to who, on behalf of Litton, may have miscommunicated or made misrepresentations with fraudulent intent. Plaintiff's general allegations are insufficient

to find malice or to support a prayer for puntivie damages. Since no misconduct and no names are given, the inclusion of this language is immaterial, and Defendant Litton requests that this Court strike it from the Complaint.

## CONCLUSION

For each of the foregoing reasons, the Defendant Litton respectfully prays this Court grant its motion to strike.

Respectfully submitted,

DATED: May 8, 2009            ROUP & ASSOCIATES,
                              A LAW CORPORATION


By: /s/ Ronald D. Roup
    Ronald D. Roup
    Attorney for Defendant,
    LITTON LOAN SERVICING LP