# EXHIBIT "H"

Dave W. Cole
Lori L. Kellett
Plaintiffs in Pro Per
24911 Laguna Vista.
Laguna Niguel, CA 92677
(949) 291- 5779

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 17 2009

ALAN CARLSON, Clerk of the Court

BY: R. LUCEY, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

DAVID W. COLE )
LORI L. KELLETT )
            )
      PLAINTIFFS )
            )
VS. )
            )
POPULAR MORTGAGE SERVICING; )
PEOPLE'S CHOICE HOME LOAN; )
HSBC; )
HOME COMING FINANCIAL )
DOES 1 TO 50 )
      DEFENDANTS )

CASE NO: 30-2009 00120116

COMPLAINT FOR DAMAGES AND RESCISSION

JUDGE KAZUHARU MAKINO
DEPT. C3

## COMPLAINT

COMES NOW, Plaintiffs David W. Cole and Lori L. Kellett, in Pro Per who complain and allege as follows:

1. Plaintiffs David W. Cole and Lori L. Kellett at all times relevant are or were the owners of real property commonly known as: 24911 Laguna Vista, Laguna Niguel, CA 92677.

PARCEL 1:

LOT 48 OF TRACT NO. 12319, IN THE CITY OF LAGUNA NIGUEL, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 544,

1

PAGE(S) 21 TO 24, INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

A SIDEYARD EASEMENT FOR GENERAL RESIDENTIAL YARD AND GARDEN PURPOSES APPURTENANT TO PARCEL 1 ABOVE, OVER, UNDER, UPON AND ACROSS THE NORTHEASTERLY PORTION OF LOT 47 OF SAIDN TRACT NO. 12319, AS MORE PARTICULARLY DESCRIBED IN EXHIBIT "A" OF THE NOTICE OF DECLARATION OF ANNEXATION, WINDROSE AT RANCHO NIGUEL PHASE 2, RECORDED MARCH 11, 1986 AS INSTRUMENT NO. 86-095617 OF OFFICIAL RECORDS OF SAID COUNTY ("NOTICE").

2. Defendant POPULAR MORTGAGE SERVICING, hereinafter referred to as "POPULAR MORTGAGE," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

3. Defendant PEOPLE'S CHOICE HOME LOAN, hereinafter referred to as "PEOPLE'S CHOICE," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

4. Defendant HSBC, hereinafter referred to as "HSBC," is a

company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

5. Defendant HOME COMING FINANCIAL, hereinafter referred to as "HOME COMING," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

6. The true names of Defendants named herein as DOES 1 through 50, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs who therefore sues said Defendants by such fictitious names; Plaintiffs are informed and believe and thereon allege that each of the Defendants so designated herein proximately caused and contributed to the facts herein alleged, and Plaintiffs will ask to leave of Court to amend the Complaint to insert the true names and capacity of DOES 1 through 50 when the same have been ascertained and to join such Defendants in this action.

7. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency employment.

8. On or about May 23, 2005, Plaintiffs executed an "Adjustable Rate Note" promising to People's Choice the sum of $644,000.00 by monthly payments.

9. The Adjustable Rate Note was based upon a six-month "LIBOR" Adjustable rate.

10. Plaintiffs allege that Defendants and each of them did not explain the working of the interest rate, how it is computed or its inherent volatility or interest only note.

11. Further, on information and belief, Plaintiffs allege that the Defendants charged and obtained improper fees for the placement of their loan as "sub-prime" when they qualified for a prime rate mortgage which would have generated less in fees and interest.

12. On information and belief, Plaintiffs allege that the service of the purported note was, without their knowledge, by some means may have transferred from or by Defendant either completely or by association or other means to another Defendant unknown to Plaintiffs provided services in various forms to others which were of such nature to render them a "Servicer" within the definition found within 26 U.S.C. S 2605.

13. The Deed of Trust was recorded on or about May 12, 2005 with the Orange County Recorder.

4

## FIRST CAUSE OF ACTION
(Violation of 15 U.S.C. S 1611 et seq.)
Against all Defendants

14. Plaintiffs repeat and reallege Paragraphs 1 through 13 as though fully set forth herein.

15. On information and belief, Plaintiffs allege that Defendants Popular Mortgage; People's Choice; HSBC; and Home Coming and each of them are agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

16. On information and belief, Plaintiffs allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

    A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;

    B. They have improperly retained funds belonging to Plaintiffs in amounts to be determined;

    C. They have failed to disclose the status of the ownership of the loans.

17. Plaintiffs further allege that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiffs.

18. Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

19. Plaintiffs further allege that they are entitled to attorney fees according to statute in the event that they retain counsel.

20. On information and belief, Plaintiffs allege that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

### SECOND CAUSE OF ACTION
(Violation of 26 U.S.C. S 2605 et seq.)
Against ALL Defendants

21. Plaintiffs repeat and reallege Paragraphs 1 through 13 as though fully set forth herein.

22. Based upon information and belief, and on that basis Plaintiffs allege that the Defendants and each of them fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

23. Based upon information and belief, and on that basis Plaintiffs allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining

6

yield spread fees and sums in excess of what would have been lawfully earned.

24. Based upon information and belief, and on that basis Plaintiffs allege that Popular Mortgage; People's Choice; HSBC; and Home Coming individually or jointly, are "Servicers" as that term is used within the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. S 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

25. Plaintiffs allege that these violations require rescission of the loan and a return of all funds received by Defendants from Plaintiffs.

26. Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

27. Plaintiffs further allege that they are entitled to attorney fees according to proof in the event that they retain counsel.

### THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. S 1602 et seq.)
Against ALL Defendants

28. Plaintiffs repeat and reallege Paragraphs 1 through 13 a though fully set forth herein.

29. Based up information and belief, and on that basis

7

Plaintiffs allege that the mortgage obtained by Plaintiffs through Defendants by means unknown and enforced by other Defendants herein falls within the purview of 15 U.S.C. S 1602 et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994" (HOEPA).

30. Based upon information and belief, and on that basis Plaintiffs allege that the loan was placed in a violation of the HOEPA act as it was placed and administrated and otherwise utilized without regard to Plaintiffs income or cash flow and with the intention of inducing a default.

31. Plaintiffs became aware of this upon discovery of Defendants intent to wrongfully foreclose and sell their property.

32. As a result and a legal consequence of the above actions, Plaintiffs has been damaged in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
(Violation of 15 U.S.C. S 1692)
Against ALL Defendants

33. Plaintiffs repeat and reallege Paragraphs 1 through 13 as though they fully set forth herein.

34. Based upon information and belief, Plaintiffs allege

that Defendants and each of them are "Debt Collectors" either acting for them self or through agents as that term is used in the United States Code.

36. Plaintiffs allege that they duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. S 1692, the Fair Debt Collection Practices Act (FDCPA).

36. Plaintiffs further allege that Defendants did not respond to their demands in such a way as to meet the requirements of the act.

37. Plaintiffs is entitled to statutory damages under the FDCPA.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against ALL Defendants

38. Plaintiffs repeat and reallege paragraphs 1 through 13 as though fully set forth herein.

39. At all times relevant, Defendants created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiffs.

40. Defendants further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

41. Defendants breached their fiduciary duties owed to

Plaintiffs as they have acted and continue to act for their own benefit and to the detriment of Plaintiffs.

42. Among other things, they may have placed and negotiated loans without due care to the best interests of Plaintiffs or for the protection of her rights.

43. As a consequence and proximate result of the breach of fiduciary duties, Plaintiffs have suffered economic damages, loss of funds and payment of fees improperly incurred in an amount to be proved by trial.

44. On information and belief, Plaintiffs allege that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

### SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against ALL Defendants

45. Plaintiffs repeat and reallege Paragraphs 1 through 13 as though fully set forth herein.

46. Plaintiffs allege that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs.

Additionally said covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiffs.

47. Plaintiffs allege that the commencement of foreclosure proceedings upon the property lawfully belonging to Plaintiffs without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the implied covenant.

48. As a consequence and proximate result, Plaintiffs have been damaged in a sum to be proven at trial.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)
Against ALL Defendants

49. Plaintiffs repeat and reallege paragraphs 1 through 13 as though fully set forth herein.

50. Plaintiffs seeks a determination as to the legal status of the parties to the Adjustable Rate Note and the Deed of Trust.

51. Defendants claim that they are the lawful beneficiary.

52. Defendants should be required to provide the original note and all subsequent notes with appropriate endorsements thereon so the court may determine under California Law, who owns the property.

11

## EIGHTH CAUSE OF ACTION
(For Declaratory Relief)
Against ALL Defendants

53. Plaintiffs repeat and reallege Paragraphs 1 through 13 as though fully set forth herein.

54. A dispute has arisen between and among Plaintiffs and Defendants and each of them as to duties and obligations of the respective parties with regard to the loan and foreclosure.

55. These disputes concern, but are not limited to, the ownership rights and the validity of the foreclosure process.

56. Plaintiffs further allege that a declaration of rights and duties of the parties herein is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

WHEREFORE, Plaintiffs prays for damages as follows:

1. For compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

2. For punitive damages in the amount in excess of Twenty Five Thousand Dollars ($25,000.00);

3. For any statory or compensatory damages according to proof;

4. For rescission of the contract and loan.

5. For attorney's fees in the event that counsel is retained;

6. For such other and further relief as the Court deems just and proper.

DATED this 27th day of February, 2009

_____
DAVID W. COLE
Plaintiff, in Pro Per

_____
LORI L. KELLETT
Plaintiff, In Pro Per

13