# EXHIBIT "I"



Slip Copy  
Slip Copy, 2009 WL 385855 (S.D.Cal.)  
(Cite as: 2009 WL 385855 (S.D.Cal.))

Page 1

C  
Only the Westlaw citation is currently available.

United States District Court,  
S.D. California.  
Arturo SICAIROS, Plaintiff,  
v.  
NDEX WEST, LLC; America's Servicing Company, Doe 1 and Does 2-50, inclusive, Defendants.  
No. 08cv2014-LAB (BLM).

Feb. 13, 2009.

Kristine T. Takvoryan, M.W. Roth, PLC, Sherman Oaks, CA, for Plaintiff.

Edward A. Treder, BDFTW, LLP, Covina, CA, for Defendant.

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT AS MOOT**

LARRY ALAN BURNS, District Judge.

**I. INTRODUCTION**

**A. *General Overview***

*1 This is a foreclosure case. The plaintiff, Arturo Sicairos ("Plaintiff"), is a homeowner who faces foreclosure. The crux of his argument is that the loan trustee threatening to sell his house does not have the proper paperwork. The defendant in this matter is Wells Fargo ("Defendant"), the loan servicer. For the reasons discussed below, Defendant's motion to dismiss is **GRANTED** and Defendant's motion for a more definite statement is **DENIED AS MOOT**.

**B. *Procedural History***

Plaintiff filed this lawsuit on September 24, 2008 in the San Diego Superior Court. Pursuant to 28 U.S.C. § 1441 *et seq.,* Defendants removed to this Court on October 30, 2008. Because Plaintiff has asserted claims over which this Court has original jurisdiction under 28 U.S.C. § 1331, removal was appropriate. All named defendants have joined in the removal as well. Defendant filed a comprehensive motion to dismiss as well as a request for judicial notice on November 4, 2008. Plaintiff did not respond to either. The Court found there to be no need for oral argument on the motion and took it under submission on December 19, 2008.

**C. *Judicial Notice***

Alongside its motion to dismiss, Defendant filed a request for judicial notice asking the Court to take judicial notice of several documents in support of the motion. In ruling on a motion to dismiss for failure to state a claim, which is what Defendants have filed here, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007).

Defendant first asks the Court to take judicial notice of 38 similar lawsuits filed by Plaintiff's counsel between April 28 and October 23, 2008. (Req. Judicial Notice ¶ 1.) The Court will notice these filings. The Court is also aware that Plaintiff's counsel has come under substantial criticism for filing thousands of these "Produce the Note" suits-suits one judge found to be frivolous and generic-and subsequently failing to litigate them.[FN1]

> FN1. Martin Berg, *'Produce the Note' Suits Falter in Real World,* DAILY JOURNAL, Feb. 3, 2009, at 2.

Defendant also submits for judicial notice the Deed of Trust ("Deed") and Assignment of Deed of Trust ("Assignment") that were recorded in the San Diego County Recorder's Office. The Deed was re-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 385855 (S.D.Cal.)  
**(Cite as: 2009 WL 385855 (S.D.Cal.))**

Page 2

corded in November 2006 and the Assignment in November 2007. The Deed is not even "outside" the complaint such that judicial notice of it needs to be taken. In fact, it is referenced in the Plaintiff's complaint-as the "security instrument" identified in the Notice of Sale, which is attached to the complaint as an exhibit. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002). The same can safely be said of the Assignment. Although it is not referenced in the complaint proper, it is referenced repeatedly in an initial letter from Plaintiff's counsel to Defendant NDEX West ("NDEX"), which is attached as a second exhibit to Plaintiff's complaint. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). In any event, the Court also finds that judicial notice of the Deed and Assignment would be appropriate under Fed.R.Evid. 201(b)(2).

**D.** *Legal Standard*

*2 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."Fed.R.Civ.P. 8(a). The facts alleged can be limited to those necessary "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Court will grant a motion to dismiss only when a complaint lacks a cognizable legal theory-or sufficient facts to support one. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988)."All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1120 (9th Cir.2007) (internal citations omitted). A complaint cannot, however, merely recite in a formulaic manner the elements of each cause of action. *Bell Atlantic Corp.,* 127 S.Ct. at 1965.

**II. STATEMENT OF FACTS**

On November 17, 2006, Plaintiff borrowed $472,000 from Axiom Financial Services ("Axiom") to buy a home at 1215-17 Denver Lane, El Cajon, CA, 92021.[FN2] In exchange for the loan, Plaintiff executed a promissory note and the Deed, which was filed with the San Diego Recorder's Office days later. In addition to Axiom being the lender, Capitol One Escrow was the original trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was Axiom's nominee to receive the benefits of the Deed. This is all apparent in the Deed itself. Most important, the Deed allows Axiom, or the "Lender," to initiate non-judicial foreclosure proceedings if Plaintiff fails to repay the loan.

> FN2. A letter that Plaintiff's counsel initially sent to Defendant NDEX on September 24, 2008, attached as Exhibit 2 to Plaintiff's complaint, names Accredited Home Lenders as the initial lender. The Deed does not reflect this.

The beneficial interest in Plaintiff's Deed was assigned to HSBC by MERS on October 26, 2007 by executing the Assignment. The Assignment transferred from Axiom (via MERS) to HSBC "the money due and to become due [under the Deed] with interest, and all rights accrued or to accrue under said Deed of Trust."On March 10, 2008, NDEX, the current trustee, informed Plaintiff that he was in default under the Deed and that his home would be sold. Plaintiff filed this lawsuit in response. Plaintiff alleges unfair debt collection practices, predatory lending practices, and RICO violations.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 385855 (S.D.Cal.)  
(Cite as: 2009 WL 385855 (S.D.Cal.))

Page 3

## III. ANALYSIS

### A. *Plaintiff's Flawed Legal Premise*

The legal premise of Plaintiff's lawsuit is that a foreclosing party has to have the original promissory note before it can proceed. "Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment may be in possession of the original note."(Letter, 2.) Plaintiff cites, chiefly, to Article 3 of the Uniform Commercial Code. (Comp.¶ 17.) Wrong law. In fact, the California Court of Appeal has held that "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien,* 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). The Court of Appeal continued:

*3 The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Id.* at 834, 30 Cal.Rptr.2d 777 (citation omitted). Under Civil Code section 2924, no party needs to physically possess the promissory note. *See* Cal. Civ.Code § 2924(a)(1). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller,* 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

### B. *Unfair Debt Collection Practices*

Plaintiff accuses Defendant of violating the Real Estate Settlement Procedures Act ("RESPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act ("C-FDCPA"). (Comp.¶ 20.) This accusation comes in a single, five-line paragraph that does nothing other than allege these violations on information and belief. *Id.* Plaintiff does not specify which provisions of these acts Defendant violated or what exactly Defendant did to violate them. Not only has the Court already determined that the alleged underlying offense-foreclosing without the original promissory note-is no offense at all, but conclusory allegations of law are insufficient to defeat a motion to dismiss. *See Lee v. City of L.A.,* 250 F.3d 668, 679 (9th Cir.2001). Plaintiff offers nothing but conclusory allegations.

#### 1. *Real Estate Settlement Procedures Act*

If any party has violated RESPA, it is Plaintiff. 12 U.S.C. § 2605(e), which speaks to the duty of loan servicers to respond to borrower inquiries, gives a mortgage loan servicer 60 days to respond to a borrower's qualified written request for information related to the servicing of a loan. 12 U.S.C. § 2605(e)(2). Here, however, Plaintiff's counsel sent a demand letter not to the loan servicer but to the trustee under the Deed, NDEX. What is worse, that letter was sent on the same day this lawsuit was filed, September 24, 2008; essentially, Plaintiff's counsel threatened legal action and took legal action at the same time. Plaintiff has therefore failed to observe the procedural requirements of the very act he claims Defendant has violated. Finally, as the Defendant observes in its motion to dismiss, it is not clear the letter "includes a statement of the reasons for the belief of the borrower ... that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower," as required by 12 U.S.C. § 2605(e)(1)(B)(ii).

#### 2. *Federal Fair Debt Collection Practices Act*

The FDCPA regulates "debt collectors," which it defines as a person whose "principal purpose" is

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 385855 (S.D.Cal.)  
**(Cite as: 2009 WL 385855 (S.D.Cal.))**

Page 4

the collection of debts, or who "regularly collects or attempt to collect ... debts."15 U.S.C. § 1692a(6). In fact, the definition explicity excludes persons who collect debts "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person."15 U.S.C. § 1692a(6)(F). Defendant Wells Fargo, the loan servicer, is not a debt collector within the meaning of the law. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include ... a mortgage servicing company ...." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985). Plaintiff cannot allege a FDCPA violation against Defendant in this case.

**3.** *Rosenthal Fair Debt Collection Practices Act*  
\*4 Finally, Plaintiff alleges violations of C-FDCPA, Cal. Civ.Code § 1788(e) and (f). There are no such sections. Assuming Plaintiff meant to cite § 1788.10(e) and (f), the Complaint does not allege facts that would establish a violation of either. Subsection (e) prohibits a debt collector from collecting or attempting to collect a debt by "[t]he threat to any person that nonpayment of the consumer debt may result in ... the seizure, garnishment, attachment or sale of any property ... unless such action is in fact contemplated by the debt collector and permitted by the law."Cal. Civ.Code § 1788.10(e). Subsection (f) prohibits the collection or attempted collection of debts by "[t]he threat to take any action against the debtor which is prohibited by this title ."Cal. Civ.Code § 1788.10(f). Plaintiff does not allege the necessary facts here. To the extent Plaintiff believes that initiating a foreclosure without the original promissory note is a plain violation of the law, Plaintiff has not cited compelling legal authority.

**C.** *Predatory Lending Practices*

Plaintiff alleges, on information and belief only, that Defendant has violated the Home Ownership and Equity Protection Act, the Truth in Lending Act, and the Federal Trade Commission Act. Not only does Plaintiff not allege any specifics, he admits they are unknown but asserts that they will be added to his complaint "when ascertained." (Comp.¶ 23.) This is not how bringing a lawsuit works. Plaintiff's allegations do not even rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed.R.Civ.P. 8(a). Moreover, to the extent that predatory lending is fraudulent, Plaintiff fails to satisfy the requirement of Fed.R.Civ.P. 9(b) and "state with particularity the circumstances constituting fraud ...." Plaintiff provides this Court with nothing to go on, and as a result Plaintiff's predatory lending cause of action is dismissed.

**D.** *RICO Violations*

Plaintiff does not come close to pleading a proper RICO claim. The conclusory allegation that Defendants "were participating in and have participated in a scheme of racketeering" is not enough. The specific elements of a RICO claim are not pled in the least-i.e., (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431 F.3d 353, 361 (9th Cir.2005) (citation omitted). In addition, the fraudulent acts that form the alleged pattern of racketeering activity must be pled with sufficient specificity pursuant to Fed.R.Civ.P. 9(b). *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1400-1401 (9th Cir.1986). Here, they are not.

**IV. CONCLUSION**

Plaintiff has failed to plead a single claim successfully. Accordingly, Defendant's motion to dismiss is **GRANTED,** and Defendant's motion for a more definite statement is **DENIED** as moot. This case is dismissed without prejudice.

\*5 **IT IS SO ORDERED.**

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2009 WL 385855 (S.D.Cal.)
**(Cite as: 2009 WL 385855 (S.D.Cal.))**

Page 5

S.D.Cal.,2009.
Sicairos v. NDEX West, LLC
Slip Copy, 2009 WL 385855 (S.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Slip Copy
Slip Copy, 2008 WL 5411636 (S.D.Cal.)
**(Cite as: 2008 WL 5411636 (S.D.Cal.))**

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
S.D. California.
Charito Delos Reyes QUINTOS, Plaintiff,
v.
DECISION ONE MORTGAGE COMPANY, LLC;
Mortgage Matters, Inc.; Countrywide Home Loan,
Inc.; Recontrust, Inc., Defendants.
No. 08-CV-1757 JM (POR).

Dec. 29, 2008.

Charito Delos Reyes Quintos, San Diego, CA, pro se.

Jon David Ives, Severson & Werson, San Francisco, CA, for Defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

JEFFREY T. MILLER, District Judge.

*1 Plaintiff Charito delos Reyes Quintos ("Plaintiff"), proceeding *pro se,* filed a Complaint on September 24, 2008 (Doc. No. 1) against Decision One Mortgage Company, LLC ("Decision One"), Mortgage Matters, Inc. ("Mortgage Matters"), Countrywide Home Loans, Inc. ("Countrywide"), and ReconTrust Co., N.A. ("ReconTrust"). (Doc. No. 1, "Complaint".) Accompanying the complaint was a motion for a temporary restraining order ("TRO"), requesting the court enjoin a non-judicial foresclosure sale of Plaintiff's property set for October 2, 2008. The TRO request was denied on September 25, 2008 (Doc. No. 4), and Plaintiff's subsequent motion for reconsideration (Doc. No. 7) was similarly denied on October 3, 2008 (Doc. No. 9). The foreclosure sale was postponed, and Plaintiff again sought a TRO (Doc. No. 15), which the court denied on November 17, 2008 (Doc. No. 16). Pending before the court is a motion to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6), brought by Countrywide and ReconTrust (collectively, "Defendants"). (Doc. No. 11, "Motion".) No other named defendants have yet been served in this action. Plaintiff filed an untimely opposition which failed to address most of the points made in Defendants' motion. (Doc. No. 21.) Defendants entered several replies (Doc.Nos.17, 18, 23). Pursuant to Civil L.R. 7.1(d)(1), this matter was taken under submission by the court on December 16, 2008. For the reasons set forth below, the court **GRANTS** the motion to dismiss.

**I. BACKGROUND**

According to the Complaint, Plaintiff owned property located at 6679 Chantecler Avenue, in San Diego, California. (Compl.¶ 13.) On August 15, 2005, Plaintiff obtained a mortgage from Decision One, secured by a Deed of Trust against the property. (Compl. ¶¶ 12, 17; Mot. Exh. A.) Plaintiff alleges she was never given a copy of the signed loan documents nor was she informed about the mechanics of an adjustable interest rate mortgage and its inherent volatility. (Compl.¶¶ 13-14.) Additionally, Plaintiff asserts Mortgage Matters received improper Yield Spread Fees for its participation in the transaction. (Compl.¶¶ 15-16.) After loan inception, the loan was transferred to Countrywide for loan servicing. Beginning in July 2007, Plaintiff made no further payments on the loan. (Compl.¶ 19.) On August 1, 2008, Plaintiff received notice from ReconTrust her property would be subject to a foreclosure sale. (Compl.¶ 20.)

Plaintiff asserts seven causes of action, for: 1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.;* 2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.;* 3) violations of the Home Ownership and Equity Protection Act of 1994

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Slip Copy, 2008 WL 5411636 (S.D.Cal.)
(Cite as: 2008 WL 5411636 (S.D.Cal.))

("HOEPA"), 15 U.S.C. § 1602 *et seq.;* 4) breach of fiduciary duty; 5) violation of TILA, 15 U.S.C. § 1635 and Regulation Z; 6) breach of covenant of good faith and fair dealing; and 7) declaratory relief under 28 U.S.C. § 2201 *et seq.* as to the parties' respective ownership and foreclosure rights.

## II. DISCUSSION

### A. Legal Standards

*2 Rule 12(b) (6) dismissal is proper only in "extraordinary" cases. *U.S. v. Redwood City,* 640 F.2d 963, 966 (9th Cir.1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. *See, e.g., Concha v. London,* 62 F.3d 1493, 1500 (9th Cir.1995), *cert. dismissed,* 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level ...." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.),* 183 F.3d 970, 986 (9th Cir.1999) (internal quotation marks omitted).[FN1]

> FN1. To this end, the court may consider the Deed of Trust and Notice of Right to Cancel provided by Defendants as Motion Exhibits A and B. (Mot. at 7:28-8:9, 9:26-27 and Req. for Jud. Notice.)

### B. First and Fifth Causes of Action for Violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

In her first cause of action, Plaintiff alleges Defendants violated the provisions of TILA as they "failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees, ... improperly retained funds belonging to Plaintiff, ... [and] failed to disclose the status of ownership of Plaintiff's loan."(Compl.¶ 24.) In her fifth cause of action, Plaintiff contends Defendants failed to provide her with two TILA-compliant copies of a notice of the right to rescind. (Compl.¶ 46.) Plaintiff seeks rescission of the mortgage loan and damages. (Compl.¶¶ 24-27, 49.) Although Plaintiff also asks for punitive damages, such amounts are not available under TILA. *See* 15 U.S.C. § 1640(a) (plaintiffs may recover compensatory and statutory damages).

Plaintiff's claim for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). Plaintiff executed the loan documents "on or about August 15, 2005."Compl. ¶ 5. The instant suit was not filed until September 24, 2008. Plaintiff's claim for monetary damages is time-barred.

The Ninth Circuit has allowed equitable tolling of TILA civil damages claims only "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. California,* 784 F.2d 910, 915 (9th Cir.1986); *Nava v. VirtualBank,* 2008 WL 2873406 at *3 (E.D.Cal.2008). Courts have discretion to "adjust the limitations period accordingly." *Id.* Although the determination "is not generally amenable to res-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2008 WL 5411636 (S.D.Cal.)  
(Cite as: 2008 WL 5411636 (S.D.Cal.))

Page 3

olution on a Rule 12(b)(6) motion," Plaintiff has not alleged any facts to warrant equitable tolling of the statute of limitations in this case. *Id.*

*3 For Plaintiff's claim for rescission, the applicable statute of limitations is three years, typically running from the date of loan execution. *See* 15 U.S.C. § 1635(f). The prospect of equitable tolling does not apply to rescission claims. *See Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir.2002). In her opposition, Plaintiff asserts she "will establish at trial or through discovery that she timely gave notice of her intent to rescind the transaction."(Opp'n at 4:1-3.) However, this assertion is undermined by Plaintiff's failure to allege any relevant facts to support this hypothesis even though such facts would have been known to her before the limitations period expired. In addition, Plaintiff even avers she "has a right to rescission for three years from the date of consummation of the loan."(Compl.¶ 47.) Plaintiff's rescission claim is therefore time-barred.

The procedural issues aside, Plaintiff's contention regarding Defendants' alleged failure to disclose the loan ownership status is not actionable under TILA. Plaintiff devotes a significant portion of her opposition to the idea that Defendants lacked standing to foreclose on her loan and cites to Cal. Comm.Code § 3201 and an irrelevant and non-binding opinion of the New York Superior Court in support. However, Cal. Civ.Code § 2924 outlines the requirements for nonjudicial foreclosures in California, and does not include providing the original note prior to the sale. Additionally, under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez,* 2007 WL 2140640 (S.D.Cal. July 23, 2007) (*citing R.G. Hamilton Corp. v. Corum,* 218 Cal. 92, 97, 21 P.2d 413 (1933) and *Cal. Trust Co. v. Smead Inv. Co.,* 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935). Finally, Plaintiff's suggestion she never received notice of her right to rescind falters in light of the Notice of Right to Cancel, in which

by her signature she acknowledged receipt of the required copies. (Mot.Exh. B.) Under TILA, "written acknowledgment of receipt of disclosures ... by a person to whom information, forms, and a statement is required to be given ... create[s] a rebuttable presumption of delivery thereof."15 U.S.C. § 1635(c). Plaintiff's pleadings make no attempt to rebut the presumption.

**C. Second Cause of Action for Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601** *et seq.*

Plaintiff alleges Defendants "placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees and amounts in excess of what would have been lawfully earned," in violation of RESPA. (Compl.¶ 30.) In particular, Plaintiff asserts Mortgage Matters was paid a yield spread premium by Decision One. (Compl.¶ 16.) Notably, Plaintiff makes no reference to any improper conduct by served defendants Countrywide or ReconTrust. Plaintiff's allegations appear to be directed toward the RESPA rules regarding kickbacks, fee splitting, and unearned fees (Section 8).12 U.S.C. § 2607. To the extent Plaintiff's claim is asserted under Section 8, it is barred by the one-year statute of limitations applicable to private RESPA actions. 12 U.S.C. § 2614.

**D. Third Cause of Action for Violations of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602** *et seq.*

*4 Plaintiff alleges Defendants' disclosure failures also amounted to violations of HOEPA. (Compl.¶¶ 34-36.) The HOEPA provisions only apply to mortgages "secured by the consumer's principal dwelling ... if:

(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity ...; or (b) the total points and fees payable by the consumer

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                 Page 4
Slip Copy, 2008 WL 5411636 (S.D.Cal.)
(Cite as: 2008 WL 5411636 (S.D.Cal.))

at or before closing will exceed the greater of: (i) 8 percent of the total loan amount; or (ii) $400.

15 U.S.C. § 1602(aa)(1). As Defendants correctly note, HOEPA, as an amendment to TILA, is governed by the same one- and three-year statutes of limitations discussed above. (Mot. at 6:1-5.) Because the present action was initiated more than three years after loan consummation, Plaintiff's HOEPA claim fails. In addition, the court notes Plaintiff makes no showing her loan qualified for HOEPA's additional protections.

**E. Fourth Cause of Action for Breach of Fiduciary Duty, Sixth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, and Seventh Cause of Action for Declaratory Relief**

Federal jurisdiction in this case is premised on the existence of a federal question. *See* 28 U.S.C. § 1331.[FN2] In addition to the federal claims discussed above, Plaintiff asserts two state-law claims and a claim for declaratory relief under 28 U.S.C. § 2201. Because of the disposition of all other federal claims, *supra,* the court lacks jurisdiction to hear the remaining claims. Plaintiff's federal claim for declaratory relief, by itself, does not support federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (on its own, Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide basis for federal jurisdiction). Without original jurisdiction, the court may not exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(a). Accordingly, the court declines to rule on Defendants' motion to dismiss in regard to these claims.

> FN2. Plaintiff asserts she, Countrywide, and ReconTrust are all citizens of California. Thus, the court also lacks subject matter jurisdiction based on diversity. Compl. ¶¶ 3-4, 8-9; 28 U.S.C. § 1332.

**F. Plaintiff's Request for Leave to Amend**

In her opposition, Plaintiff asks the court to grant her leave to amend to file a First Amended Complaint. (Opp'n at 4.) Although leave to amend may not be warranted where a complaint can not be cured by amendment, such leave should be granted freely for *pro se* litigants. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998); *Hernandez v. Denton,* 861 F.2d 1421, 1423 (9th Cir.1988). Thus, the court **GRANTS** Plaintiff leave to amend, but notes Plaintiff must allege sufficient facts on one or more federal claims to support this court's jurisdiction over her case.

**III. Conclusion**

For the reasons set forth above:

1) Defendants' motion to dismiss is **GRANTED** without prejudice and with leave to amend as to Plaintiff's first cause of action for damages under TILA;

*5 2) Defendants' motion to dismiss is **GRANTED** as to Plaintiff's first cause of action for rescission under TILA and as to Plaintiff's second, third, and fifth causes of action, which are **DISMISSED** with prejudice; and

3) Plaintiff's fourth, sixth, and seventh causes of action are **DISMISSED** without prejudice and with leave to amend.

Plaintiff shall file and serve a First Amended Complaint no later than 45 days from the date of entry of this order.

**IT IS SO ORDERED.**

S.D.Cal.,2008.
Quintos v. Decision One Mortg. Co., LLC
Slip Copy, 2008 WL 5411636 (S.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Slip Copy
Slip Copy, 2008 WL 5209972 (S.D.Cal.)
(Cite as: 2008 WL 5209972 (S.D.Cal.))

Page 1

C

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. California.
SAN DIEGO HOME SOLUTIONS, INC., Plaintiff,
v.
RECONSTRUST COMPANY, Defendant.
Civil No. 08cv1970 L(AJB).

Dec. 10, 2008.

Jonathan L. Nielsen, Law Offices of Egbase & Associates, Reseda, CA, for Plaintiff.

Joshua Eric Whitehair, Michael Jan Steiner, Severson & Werson, P.C., San Francisco, CA, for Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT; and GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** [doc. # 9]

M. JAMES LORENZ, District Judge.

*1 Defendant Reconstrust Company moves to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(6) or alternatively for a more definite statement [doc. # 9]. The Court notes that under the Civil Local Rules, plaintiff's response was due on or before November 24, 2008. *See* CIV. L.R. 7.1(e)(2). To date, plaintiff neither filed a response nor sought additional time in which to file a response to defendant's motion.

When an opposing party does not file papers in the manner required by Civil Local Rule 7.l(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.l(f.3.c). Notwithstanding plaintiff's failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting defendant's motion to dismiss.

DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir.2003). But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)

Plaintiff [FN1], who defaulted on a home mortgage loan, seeks to avoid foreclosure on the basis that the loan's owner and/or servicer does not possess the plaintiff's original note and therefore, cannot proceed to non-judicially foreclose on the property. Defendant ReconTrust is the trustee appointed under the Deed of Trust.

> FN1. Plaintiff, an incorporated entity, asserts in its complaint that it "is a natural person and at all times mentioned herein was and is a resident of Orange County." Defendant states that named

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2008 WL 5209972 (S.D.Cal.)  
(Cite as: 2008 WL 5209972 (S.D.Cal.))

Page 2

plaintiff is not even a borrower but rather is a shell corporation for Todd Toback. (Motion at 1.) Jeffrey and Anna Gibson were the borrowers on the mortgage loan obtained from Countrywide that is at issue in this case. It was their default that brought about the subject foreclosure. Apparently, the Gibsons conveyed title to plaintiff to circumvent the foreclosure. The Court need not determine whether the plaintiff is the real party in interest.

Plaintiff's complaint alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* California's Rosenthal Fair Debt Collection Practices Acts ("R-FDCPA"), CAL. CIV.CODE § 1788 *et seq.;*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614. Defendant contends that plaintiff fails to allege any actionable wrongdoing under any of these statutes.

As defendant correctly notes, plaintiff fails to state a claim against ReconTrust because as a trustee pursuant to a deed of trust it is not a debt collector under the FDCPA. The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002); *see also Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors').

*2 Similarly, plaintiff fails to state a claim under R-FDCPA which prohibits collecting consumer debts by *inter alia,* threats, physical force, obscene language, annoying telephone calls, false representations, simulating or threatening legal action. CAL. CIV.CODE §§ 1788.10, 1788.11, 1788.13, 1788.16. The complaint is devoid of allegations of conduct falling within the Act; therefore, plaintiff has failed to state a claim under Rule 12(b)(6).

RESPA concerns charges and disclosures occurring at or before the closing of a real estate sale or loan. The allegations in the complaint, however, deal with the foreclosure of the property. Additionally, RESPA defines a mortgage servicer as "the person responsible for servicing the loan." 12 U.S.C. § 2605(i)(2). RESPA further defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3). Under the statutory language, defendant is not a servicer of the mortgage loan.

Finally, California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure. *See* Cal. Civ.Code § 2924. Plaintiff s allegation about the possession of the original note is without merit and must be dismissed.

Defendant also alternatively moves for a more definite statement. Rule 8 sets forth general rules of notice pleading in the Federal Courts. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991). When a plaintiff's allegations are too vague and broad-sweeping to put defendants fairly on notice of the claims against them, the notice requirement of Rule 8 is not satisfied. See *Conley,* 355 U.S. at 47.

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2008 WL 5209972 (S.D.Cal.)  
(Cite as: 2008 WL 5209972 (S.D.Cal.))

Page 3

relief, and on what theory, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir.1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry* 84 F.3d at 1179.

*3 Having reviewed the complaint, the Court notes that plaintiff has not made an allegation of wrongdoing on defendant's part under the statutes cited. As a result, defendant is not on notice of plaintiff's claims against it and cannot answer the complaint. Dismissal of the complaint under Rule 8 is appropriately granted. Nevertheless, defendant's alternative motion for a more definite statement is denied as moot.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss the complaint is **GRANTED** and its motion for a more definite statement is **DENIED AS MOOT.** Plaintiff is granted leave to file an amended complaint within 20 days of the filing of this Order. Failure to file an amended complaint within the time provided will result in the closure of this case without further notice to the parties.

**IT IS SO ORDERED.**

S.D.Cal.,2008.  
San Diego Home Solutions, Inc. v. Reconstrust Co.  
Slip Copy, 2008 WL 5209972 (S.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.